IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )   Case No. 03-20003-05-CM<br>  )<br>**CHRIS MOORE,**  )<br>  )<br>  Defendant.  )<br>  )<br>_____)| |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 550.) Defendant seeks to reduce his sentence based on Amendment 750 to the United States Sentencing Guidelines, which went into effect November 1, 2011. For the following reasons, the court denies defendant's motion.

**I.    Factual and Procedural Background**

On June 30, 2003, defendant pleaded guilty to 21 U.S.C. § 848, engaging in a continuing criminal enterprise involving the sale of crack cocaine. (Doc. 166.) Based on the Presentence Investigation Report ("PSIR"), the court found defendant responsible for 35.7 kilograms of crack cocaine. (PSIR ¶ 61.) This resulted in a sentencing guideline range of 360 months to life, based on defendant's criminal history category of IV and an offense level of 39.[1]

On December 20, 2004, the court sentenced defendant to a term of imprisonment of 210 months. (Doc. 365.) The court's sentence reflected a downward departure from the guideline range.

---

[1] (PSIR ¶ 96.) Defendant had a base offense level of four because of the nature of his offense. (PSIR ¶ 61.) Coupled with an offense level of 38 based on the amount of cocaine base, and a three-level reduction for acceptance of responsibility, defendant's total offense level was 39. (PSIR ¶¶ 61, 67.)

On December 1, 2011, defendant filed the current motion seeking a reduction of his sentence. (Doc. 550.) Specifically, defendant relies on Amendment 750 to the United States Sentencing Guidelines, which provides for retroactive application of the sentencing guidelines for certain crack cocaine offenses. *See* U.S.S.G. § 1B1.10.

## II.     Legal Standards & Analysis

### A. Sentencing Guideline Range

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment when the court sentenced a defendant based on the applicable sentencing guidelines and those guidelines are subsequently lowered by the Sentencing Commission. Additionally, any reduction shall be "consistent with the applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(2). Defendant argues Amendment 750 retroactively applies to his sentence, and thus, the court should reduce his sentence pursuant to the amended sentencing guidelines.

The Sentencing Commission passed Amendment 750, which went into effect on November 1, 2011. Pursuant to § 1B1.10 of the sentencing guidelines, part A of Amendment 750 adjusted the sentencing guidelines by amending the cocaine base amounts in the drug quantity table in § 2D1.1(c). Specifically, the table provides a base offense level depending on the drug quantity attributed to the defendant. U.S.S.G. § 2D1.1(c). The Sentencing Commission amended the guidelines pursuant to the Fair Sentencing Act of 2010, which similarly amended the threshold amount of cocaine base required to trigger a statutory mandatory minimum sentence under 21 U.S.C. § 841(b).

The Sentencing Commission provided for Amendment 750 to apply retroactively. U.S.S.G. § 1B1.10(c). The Supreme Court has stated, however, "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010). The Court in *Dillon* focused on sentencing guideline § 1B1.10 and found the

relevant policy statement "instructs courts . . . to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" *Id*. (quoting U.S.S.G. § 1B1.10(b)(1)). Here, the sentencing guidelines include the same policy statement relevant in *Dillon* and also provide that a sentence reduction is not consistent with the policy statements if an amendment "does not have the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2), (b)(1). Therefore, the court must determine whether Amendment 750 has the effect of lowering defendant's applicable guideline range.

Amendment 750 does not have the effect of lowering defendant's applicable guideline range. The court found defendant responsible for 35.7 kilograms of cocaine base. At the time of defendant's sentencing, the guidelines established a base offense level of 38 if the amount of cocaine base was 1.5 kilograms or greater. U.S.S.G. § 2D1.1(c)(1) (2004). After Amendment 750 took effect in November, 2011, the guidelines established a base offense level of 38 if the amount of cocaine base was 8.4 kilograms or greater. U.S.S.G. § 2D1.1(c)(1) (2011). Thus, although Amendment 750 raised the amount of cocaine base required to implicate a base offense level of 38, the 35.7 kilograms attributed to defendant still results in an offense level of 38.

Moreover, the court must substitute the amended sentencing guideline while leaving all other guideline decisions unaffected. *See Dillon*, 130 S. Ct. at 2688; U.S.S.G. § 1B1.10(b)(1). Pursuant to § 2D1.5 of the sentencing guidelines, defendant's base offense level is 4 plus the offense level of 38 for the amount of cocaine base he possessed. The defendant also received a 3-level reduction for acceptance of responsibility. Thus, "leav[ing] all other guideline application decisions unaffected[,]" defendant's total offense level remains 39, and his criminal history category remains IV. *Dillon*, 130 S. Ct. at 2688; U.S.S.G. § 1B1.10(b)(1). Similarly, the applicable guideline range remains 360 months to life, which is exactly the same range applicable at the time of defendant's sentencing. U.S.S.G. ch.

5, pt. A.  Therefore, because Amendment 750 does not have the effect of lowering defendant's applicable guideline range, he is not entitled to a sentence reduction.

**IT IS THEREFORE ORDERED** that defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 is denied.

Dated this 1st day of May, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**